1

2

3

4
UNITED STATES DISTRICT COURT

5
NORTHERN DISTRICT OF CALIFORNIA

6

7
DARREN J COLLIER, et al.,

Case No.  21-cv-00462-JSC

Plaintiffs,
8

v.
9
**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

10
CITY OF UNION CITY,

Re: Dkt. No. 28

Defendant.
11

12

13          On January 19, 2021, Plaintiffs filed this section 1983 action against the City of Union

14   City following an encounter with Union City Police Officers. (Dkt. No. 1.) On July 22, 2021, the

15   Court referred the action to Magistrate Judge Westmore for a settlement conference. (Dkt. No. 20.)

16   Since the referral, Plaintiffs' counsel has repeatedly failed to appear at telephonic scheduling

17   conferences and has failed to communicate with Judge Westmore. (Dkt. Nos. 23, 25, 26, 27.)  As a

18   result, on December 8, 2021, the Court vacated the settlement conference referral order and

19   ordered Plaintiffs to show cause as why this action should not be dismissed for failure to prosecute

20   and follow court orders.  (Dkt. No. 28.)   The Order directed Plaintiffs to file a response on or

21   before December 16, 2021 and warned Plaintiffs that a failure to file a response or to show good

22   cause would result in dismissal of the action for failure to prosecute.  As of the date of this Order,

23   Plaintiffs have still failed to respond.

24          Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for

25   failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v.*

26   *U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte

27   dismiss an action pursuant to Rule 41(b)).  "A Rule 41(b) dismissal must be supported by a

28   showing of unreasonable delay." *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010)

United States District Court
Northern District of California

1    (internal citation and quotation marks omitted).  In determining whether a Rule 41(b) dismissal is

2    appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious

3    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

4    defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

5    availability of less drastic sanctions."  *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423

6    (9th Cir.1986)).  Dismissal is appropriate "where at least four factors support dismissal . . . or

7    where at least three factors strongly support dismissal."  *Hernandez v. City of El Monte*, 138 F.3d

8    393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

9            Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two

10   factors—the public interest in expeditious resolution of litigation and the Court's need to manage

11   its docket—relate to the "efficient administration of judicial business for the benefit of all litigants

12   with cases pending."  *Nealey v. Transportacion Maritima Mexicana, S.A*., 662 F.2d 1275, 1279

13   (9th Cir. 1980).  By failing to comply with Judge Westmore's orders, failing to appear for multiple

14   pre-settlement telephonic scheduling conferences, and failing to respond to either Judge Westmore

15   or the undersigned's orders to show cause, Plaintiffs have delayed adjudication of this action.

16   Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the

17   Court] could have devoted to other ... criminal and civil cases on its docket."  *Ferdik v. Bonzelet*,

18   963 F.2d 1258, 1261 (9th Cir. 1992).

19           As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial

20   itself to warrant dismissal," the delay caused by Plaintiffs' failure to prosecute this action despite

21   the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983,

22   991 (9th Cir. 1999).

23           The fourth factor is the availability of less drastic sanctions.  The Court already cautioned

24   Plaintiffs that failure to respond would result in dismissal of this action.  (Dkt. No. 28.)  Thus, the

25   Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  *Oliva v.*

26   *Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's

27   warning to a party that failure to obey the court's order will result in dismissal can satisfy the

28   'consideration of [less drastic sanctions] requirement."").  The fourth factor thus weighs in favor of

United States District Court
Northern District of California

2

1  dismissal.

2      The last factor, which favors disposition on the merits, by definition weighs against

3  dismissal.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors

4  disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

5      In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in

6  its entirety.  *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored

7  dismissal, while two factors weighed against dismissal).  The Court therefore DISMISSES this

8  action pursuant to Federal Rule of Civil Procedure 41[1].

9      **IT IS SO ORDERED.**

10  Dated: December 28, 2021

11

12

13  JACQUELINE SCOTT CORLEY
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____
[1] All parties have consented to the jurisdiction of a magistrate judge.  (Dkt. Nos. 8, 12.)